UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

**FILED**

FEB 24 2025

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

OSCAR TIZIE BOHI, et.al.
P.O. Box 14893
Cincinnati, OH 45250

      Plaintiff,

v.

PFIP, LLC, et. al
d.b.a.
PLANET FITNESS
1000 N Midkiff Rd.
Midland, TX 79701

Leeroy Soto, PLANET FITNESS Manager
In his individual and professional capacity
1902 N. Midland Dr
Midland, TX 79707
soto_leeroy@yahoo.com

City of Midland
300 N Loraine
Midland, TX 79701

      Defendants.

**JURY DEMAND**

Civil Action No. **7:25-cv-085**

### PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW Oscar Tizie Bohi, formerly known as Oscar Ange Fossou, hereinafter "Plaintiff" is a French National, resident of Ohio and a United States Citizen. Plaintiff brings this case on behalf of himself.

Defendant PFIP, LLC is a for-profit corporation and has its headquarters in Hampton, NH but has over 2000 locations across the United States.

Defendant Leeroy A. Soto is a United States citizen who is a resident of the State of Texas and was the acting manager of Planet Fitness located at 1000 N Midkiff Rd., Midland, TX 79701

Receipt #1262

Defendant City of Midland is in the state of Texas and employs the Midland Police Department officers and other city officials for the purpose of maintaining law and order of its citizens. The City of Midland is in the County of Midland.

## JURISDICTION AND VENUE

The district court has original jurisdiction of this civil action pursuant to 28 U.S.C 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Plaintiff is a French National, resident of Ohio and a United States Citizen. Defendant PFIP, LLC, doing business as Planet Fitness, is headquartered in Hampton, NH and conducts business throughout the state of Texas with a location at 1000 N. Midkiff Rd., Midland, TX 79701. Defendant Leeroy Soto is a resident of the State of Texas and was the acting manager of Planet Fitness located at 1000 N. Midkiff Rd., Midland, TX 797041. Defendant City of Midland is in the state of Texas and employs the Midland Police Department officers and other city officials for the purpose of maintaining law and order of its citizens., collectively ("Defendants")

Venue is properly before this Court under 28 USC § 1391(a)(2), because the events giving rise to this claim occurred in Midland County, Texas.

## BACKGROUND

On or about October 1, 2022, Plaintiff was an active member of Planet Fitness and was contracted as a Black Card Member. As a Black Card Member, Plaintiff was contractually allowed to utilize Planet Fitness facilities nationwide, up to 10 times a month, and went to the Planet Fitness located at 1000 N Midkiff Rd., Midland, TX 79701. Plaintiff used the facility, in accordance with his contract, to complete his workout and was heading to the shower, located in the locker room, when Leeroy Soto ("Soto"), a Hispanic national and documented racist (ex. A), the Planet Fitness manager, approached Plaintiff and demanded that he left the facility due to non-payment. Confused, the plaintiff showed Soto his 5/3 bank account statement that confirmed the payment was removed from his account and verified that his

membership was active. Soto apologized to Plaintiff and stated that the Planet Fitness system had not yet updated to reflect the payment and allowed Plaintiff to continue his workout. Plaintiff left the facility without incident. However, after leaving the facility, Plaintiff contacted Planet Fitness located on Glenway Avenue in Cincinnati, OH, where he signed his initial contract and had previously updated his membership to Black Card Member, to confirm receipt of payment and the Black Card membership was active. The store employee confirmed Plaintiff was in fact active, was a Black Card Member and confirmed that Plaintiff was contracted to use any Planet Fitness location within the United States.

The following day on October 2, 2022, Plaintiff returned to the abovementioned Planet Fitness location in Midland, TX to again utilize the equipment to workout. After successfully completing his workout, Plaintiff went to the shower to clean himself up and iron his clothes for an interview he had scheduled at Endeavor Energy Ressources in Texas, for the following day. Soto came into the bathroom where Plaintiff was, banged on the bathroom stall door and again claimed that Plaintiff was not an active member and had to leave the facility. The Plaintiff explained to Soto that he was the same member from the prior day and confirmed that he was active and within his contractual rights to utilize the facility. Plaintiff was concerned because at this time he was the only black member inside of Planet Fitness and Soto had aggressively banged on the door. Soto told Plaintiff to come to the front counter to receive a phone number to contact, so that the situation can be resolved. The plaintiff agreed to meet Soto in front after finishing his business in the bathroom, but approximately 15 minutes later, while Plaintiff was ironing clothes, two Midland Police Officers, PPO Norton ("Norton") and FTO Terrell ("Terrell") entered the locker room where Plaintiff was and claimed that Plaintiff was trespassing. Plaintiff tried to explain to Norton and Terrell that he was an active Black Card Member, was contractually able to utilize the facility and was paid for the month of October but due to the language barrier, Plaintiff was unable to communicate effectively and as a result Norton and Terrell arrested the plaintiff for Criminal Trespass. Plaintiff spent 3 days in jail after the unlawful arrest and spent two years fighting the trespass charge in Court. The case was ultimately dismissed.

While waiting for the charge of Criminal Trespass to be adjudicated in Texas, Plaintiff faced numerous challenges. As a French National and English not being his first language, Plaintiff did not understand why he had been arrested and why he was forced to spend time in jail. Plaintiff was not provided a French interpreter during the arrest nor Court proceedings. Plaintiff had to hire a lawyer to fight the charges.

Plaintiff posted the bond and after being released from jail and returning home to Ohio to await trial, the arrest and discrimination, Soto displayed, weighed heavy on Plaintiff and caused significant mental health issues. Plaintiff began to hear voices in his head, had trouble sleeping and continued to relive the traumatic arrest which caused him to attempt to commit suicide on multiple occasions. Plaintiff is now afraid of the police in America, no longer trusting that he is safe in society even if he did not commit a crime and displayed a significant decline in interest and engagement in activities. Plaintiff displayed significant psychological and/or physiological distress resulting from internal and external clues that are reminiscent of the traumatic event. After the third unsuccessful suicide attempt on August 13, 2023, Plaintiff was admitted into a psychiatric facility at University of Cincinnati Medical Center in Cincinnati, Ohio by the Cincinnati Police Department, where he was held for 72 hours, and then moved to Good Samaritan Hospital's also in Cincinnati, Ohio where he underwent treatment for Post Traumatic Stress Disorder, was medicated to deal with the anxiety and depression and forced to talk to a psychiatrist regarding the events that led up to the suicide attempts. Plaintiff is currently taking prescribed psychotropics and anxiety medication to help him sleep. Plaintiff continues to receive treatment by speaking with a psychiatrist, regularly, to help him deal with the stress from the arrest.

At the advice of Plaintiff's psychiatrist, Plaintiff tried to go back to work to help take his mind off of the traumatic events, so he signed up to drive for Uber, Uber Eats and Lyft ("companies") but was denied due to the erroneous information on his background check. The City of Midland reported that Plaintiff was arrested for Burglary/Breaking and Entering and this caused adverse actions against Plaintiff. Plaintiff was never arrested nor charged for Burglary/Breaking and Entering and because The

City of Midland reported this, Plaintiff was denied the opportunity to enter into contracts with the companies. The City of Midland caused financial injury and impeached the integrity of Plaintiff's virtue and reputation when it expressed in writing and published that Plaintiff was charged with Burglary/Break and Entering. The libel caused irreparable harm to Plaintiff and damaged his professional reputation. Due to Defendant Soto's negligence and racism and Planet Fitness's failure to update its computer system to reflect accurate information about its members, caused Plaintiff substantial injury and damages as more thoroughly described herein. Therefore, Plaintiff brings suit on the following grounds:

### CAUSE OF ACTION: DEFENDANTS, LEEROY A SOTO AND PLANET FITNESS

Defendant Soto was negligent in, but not limited to, the following manner:

a. Failing to confirm Plaintiff's membership after Plaintiff provided evidence of payment, by showing Soto the bank statement that confirmed the payment was made;

b. Failing to contact Plaintiff's Planet Fitness home office in Cincinnati, OH, to confirm Plaintiff's membership was active and Plaintiff was a Black Card Member;

c. Calling the police and falsely reporting Plaintiff did not pay and could not be in Planet Fitness's facility, which caused Plaintiff to be arrested;

d. Defendant Soto openly displayed his racist intentions to have Plaintiff arrested, after posting an inappropriate and racist comment on his face book page that referenced getting rid of all the "dirty monkey with wigs", above a picture of a black woman.

Defendant Soto's acts and/or omissions constitute a failure to use reasonable measures to confirm that Plaintiff was an active member at the time of his arrest and Plaintiff was not trespassing at the time Soto called the police and made the false claim. Soto's failure to use care and contact Planet Fitness's corporate office, or Plaintiff's Planet Fitness home office, was a proximate and producing cause of Plaintiff's false arrest, injuries and damages sustained.

Defendant Planet Fitness is legally responsible to Plaintiff for the negligent conduct of Defendant Soto under the legal doctrine or *respondeat superior* because Soto was at all times material hereto an employee of Planet Fitness and was acting within the course and scope of such employment at all times relevant to this matter. As a result thereof, Defendant Planet Fitness is liable for all negligence of Defendant Soto. Soto should not have been an employee of Planet Fitness where all ethnicities are welcomed if Soto was biased against the black members.

## CAUSE OF ACTION: DEFENDANT, PLANET FITNESS

Defendant Planet Fitness was negligent in its errors and/or omissions in failing to maintain a computer system that accurately reflects its members' correct payment information and keeping accurate records for its employees including but not limited to the following:

a. Defendant has a legal duty to maintain accurate records for use by its employees;

b. Defendant failed to adequately maintain a factual and functional computer system, operated by Defendant Soto, that reflects members' active status;

c. Defendant had actual knowledge of the abovementioned problems and subsequently failed to adequately repair its computer system. As of January 2025, Planet Fitness was still having issues with its computer system, which caused other members to reach out to the Better Business Bureau to get assistance regarding the cancellation of their membership. Defendant has a history of violating terms of its contracts with its members and other racial discrimination cases against it due to its employees;

d. Defendant owed a legal duty of care to Plaintiff and its employees concerning the maintenance of its computer system. Planet Fitness breached its duty of care in that the computer system contributed to Plaintiff's injuries and the Defendant knew, or should have known, of the foreseeable consequences of failing to maintain accurate records and updating its computer system in a timely manner;

e. Defendant hired Soto and allowed Soto to interact with its members. Soto is a documented racist and targeted Plaintiff solely based on his race. At the time of the Plaintiff's arrest, Plaintiff was the only black man inside of the facility and had already shown Soto his proof of payment the previous day. Defendant Planet Fitness has a duty to protect its members from discrimination and breached that duty by allowing Soto to work as a manager in its facility.

f. Defendant engaged in Deceptive Business Practices when it misrepresented a service claiming that the service would be provided at a certain quality but failed to meet those standards and by failing to honor its contract with Plaintiff after Plaintiff signed the contract and paid his membership fee.

g. Defendant failed to acknowledge and respond to Plaintiff's complaint and request for arbitration after his false arrest and breach of contract. Per the terms of the contract, Plaintiff was allowed to utilize all Planet Fitness locations across the United States up to ten (10) times per month, as a Black Card Member. Plaintiff sent communications to Planet Fitness and also filed complaints with the Better Business Bureau and Attorney General, Ken Paxton, to seek help. Defendant's failure to acknowledge and respond to both the Better Business Bureau and Plaintiff shows that Defendant Planet Fitness has no intention of making Plaintiff whole and compensate him for his time and injuries sustained after his arrest. Plaintiff has exhausted all administrative remedies.

## CAUSE OF ACTION: DEFENDANT, CITY OF MIDLAND

Defendant City of Midland was negligent in failing to maintain and publish an accurate business record when it published in writing that Plaintiff was arrested for BURGLARY/BREAKING AND ENTERING which caused damage to Plaintiff's reputation. The libel, published by Defendant City of Midland, caused adverse actions against Plaintiff and prevented Plaintiff from securing contracts with Uber, Uber Eats and Lyft. Defendant was negligent in supervising the City of Midland employees and

ensuring that false information is not published about citizens who have been unlawfully arrested including but not limited to:

Defendant City of Midland has a legal duty to maintain and publish accurate police records, specifically for the purpose of background checks;

    h. Defendant City of Midland had actual knowledge that Plaintiff was not arrested for BURGLARY/BREAKING AND ENTERING when it published this information about Plaintiff;

    i. Defendant City of Midland owed a legal duty of care to Plaintiff and its employees concerning the recordkeeping of its arrestees. Defendant breached the duty of care in that the employees published false information that caused injury to Plaintiff and Defendant City of Midland knew, or should have known, of the foreseeable consequences of failing to adequately maintain her records.

    j. Defendant City of Midland intentionally ignored Plaintiff's attempt to resolve this matter by not responding to Plaintiff's complaint and failed to take action to resolve the matter directly with Plaintiff. Plaintiff has exhausted all administrative remedies.

    k. As a direct and proximate result of these known problems and failure to maintain and publish accurate business records, Defendant City of Midland breached their legal duty of care owed to Plaintiff in failing to accurately report the cause of Plaintiff's unlawful arrest. Said breach of duty and negligence was the direct and proximate cause of serious injuries and damage the Plaintiff sustained.

## GENERAL DAMAGES

As a direct and proximate result of the Defendants' negligence, Plaintiff suffered damages allowed by law for personal injuries in an amount in excess of $75,000.00. As a further result of

Defendants' negligence, Plaintiff has suffered and continues to suffer serious and permanent personal injuries. Plaintiff suffered the following damages:

   a. Legal fees incurred due to unlawful arrest;
   b. Medical expenses which in all probability were incurred and will be incurred in the future. Plaintiff continues to be medicated and speaks with his Psychiatrist regularly;
   c. Lost of past earning capacity;
   d. Loss of earning capacity which in all probability will be sustained in the future;
   e. Mental anguish in the past;
   f. Mental anguish which in all probability will be sustained in the future.

## PUNITIVE DAMAGES

Defendants' Planet Fitness and Soto acts and/or omissions are of such a character to rise to the level of gross negligence. Furthermore, Plaintiff will show that the acts and/or omissions of Defendants' Soto and Planet Fitness were carried out with a conscious disregard for an extreme danger of risk for Plaintiff's safety, rights and the rights of others and with actual awareness on the part of Defendants' that their acts would, in reasonable probability, result in serious personal injury or death. Defendants' caused substantial personal and professional injuries to Plaintiff and engaged in acts or omissions that, when viewed objectively from the standpoint of Defendant Soto at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Further, Defendant Planet Fitness, personally or through its employees and management, had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff.

Defendant City of Midland acts and/or omissions are of such a character to rise to the level of gross negligence. Plaintiff will show that the acts and/or omissions of Defendant City of Midland were carried out with a conscious disregard of Plaintiff's reputation and earning capability. Defendant caused

substantial personal and professional injuries to Plaintiff and engaged in acts or omissions that, when viewed, objectively from the standpoint of Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Further, Defendant, through its employees and management, had actual subjective awareness of the risk involved in their acts and omissions, but nevertheless, proceeded with conscious indifference to the rights, reputation, earning potential, safety and welfare of others, including the Plaintiff.

Plaintiff seeks exemplary damages pursuant to Plaintiff seeks the imposition of punitive and exemplary damages from Defendant City of Midland without limitation imposed by § 41.008 of the Texas Civil Practices and Remedies Code.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this court issue citations to all Defendants to answer, and upon a trial by jury of this matter, enter judgment against all above-named Defendants for compensatory damages in an amount in excess of $5,000,000.00, together with pre- and post- judgment interest, attorneys' fees, costs and such other and further relief as the Court deems just and equitable.

Respectfully submitted.

*/s/ Oscar Tizie Bohi*

Oscar Tizie Bohi, formerly known
as Oscar Ange Fossou
P.O. Box 14893
Cincinnati, Ohio 45250
513-615-9996
oscarfossou@yahoo.com







**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL EXPRESS®**

*EMS*

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

EP13F October 2023
OD: 12 1/2 x 9 1/2

PS10001000006

**GUARANTEED* ■ TRACKED ■ INSURED**

For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 20 lbs.