IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| OSCAR TIZIE BOHI,<br>　　　*Plaintiff*,<br><br>v.<br><br>PFIP, LLC, d/b/a PLANET FITNESS,<br>LEEROY SOTO, and CITY OF<br>MIDLAND,<br>　　　*Defendants*. | §<br>§<br>§<br>§  MO: 25-CV-00085-DC-RCG<br>§<br>§<br>§<br>§<br>§ |

### REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff's Motion for Entry of Default and Default Judgment (Doc. 10) and Plaintiff's Motion to Cure Improper Service (Doc. 24).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Plaintiff's Motion Entry of Default and Default Judgment be **DENIED** (Doc. 10) and Plaintiff's Motion to Cure Improper Service be **GRANTED** (Doc. 24).

### I.　DISCUSSION

On February 24, 2025, Plaintiff, proceeding *pro se*, filed his Original Complaint against Defendants PFIF, Inc. d/b/a Planet Fitness ("Defendant Planet Fitness"), Leeroy Soto, and City of Midland. (Doc. 1). Plaintiff paid his filing fee of $405. On March 5, 2025, Plaintiff filed a "Certificate of Service," stating that on February 18 and 19, 2025, he mailed a copy of the Complaint to each Defendant. (Doc. 3). Notably, this "service" took place before the case was filed and before Plaintiff requested summons from the Clerk of the Court. Seemingly, Plaintiff recognized his mistake and requested summons on March 20, 2025, which were issued. (Docs. 4, 5). On April 4, 2025, Defendant Leeroy Soto made an appearance in the case and filed an

---
1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

Answer through counsel. (Doc. 6). Three days later, Plaintiff filed another "Certificate of Service," this time providing that he personally mailed a copy of the summons and Complaint to each Defendant. (Doc. 7 at 1). Following that, Plaintiff filed a Motion for Entry of Default and Default Judgment against Defendant Planet Fitness for failure to plead or defend. (Doc. 10). One day later, Defendant City of Midland filed a Motion to Dismiss for improper service. (Doc. 9). In the following weeks, Plaintiff seemingly recognized his service mistakes and is seeking to cure service on each Defendant. (Docs. 18, 19, 24).

As Plaintiff has conceded in his Motion to Cure Service, Defendant Planet Fitness has not been properly served, thus Plaintiff may not proceed to default. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (stating federal district courts lack personal jurisdiction over a defendant unless they have been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure); (Doc. 24).

However, the Court finds Plaintiff should be afforded more time for Defendant Planet Fitness to be served, despite not showing good cause for his failure to effect valid service. Good cause under Rule 4(m) requires at least a showing of excusable neglect, in "which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. . . ." *See Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995); *see also Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (finding that a plaintiff's *pro se* status and ignorance of the law does not constitute good cause for failure to effect service in compliance with the rules). But because Plaintiff acknowledged his mistake and is attempting to remedy it through his Motion to Cure Improper Service (Doc. 24), the Court, in its discretion, should grant Plaintiff's request for Defendant Planet Fitness to be properly served.

1. **Plaintiff's Motion to Cure Improper Service**

Because the Court previously granted Plaintiff's request to proceed *in forma pauperis*, the Court should issue and serve Defendant Planet Fitness. 28 U.S.C. § 1915(d). Federal Rule of Civil Procedure 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915. . . .

FED. R. CIV. P. 4(c)(3). Under Federal Rule of Civil Procedure 4(d), "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." A waiver of service should be addressed—for a corporation—to an officer, a managing or general agent, or any other agent authorized by appointment or by law to received service of process. FED. R. CIV. P. 4(d)(1)(A). In his Motion, Plaintiff provided that the registered agent for Defendant Planet Fitness is as follows:

> CSC – Lawyers Incorporating Service Company
> 211 E. 7th Street, Suite 620
> Austin, TX 78701

Accordingly, if the Report and Recommendation is adopted, the Court shall **DIRECT** the Clerk's Office to issue notices and waiver of summons to Defendant Planet Fitness.[2] *See Doe v. N.M. Bd. of Bar Exam'r*, No. 21-CV-00709, 2021 WL 12297986 (D.N.M. Oct. 14, 2021).

## II.   RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion for Entry of Default and Default Judgment (Doc. 10) be **DENIED** and Plaintiff's Motion to Cure Improper

---

2. If Defendant Planet Fitness declines to waive service, the Court will order that service be made by a United States marshal or deputy marshal.

Service (Doc. 24) be **GRANTED**. Further, if the Report and Recommendation is adopted, the Court shall **DIRECT** the Clerk's Office to issue notices and waiver of summons to Defendant Planet Fitness.

    SIGNED this 22nd day of August, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party *has not been served* by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).