IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| OSCAR TIZIE BOHI,<br>   *Plaintiff*,<br><br>v.<br><br>PFIP, LLC, d/b/a PLANET FITNESS,<br>LEEROY SOTO, and CITY OF<br>MIDLAND,<br>   *Defendants*. | MO: 25-CV-00085-DC-RCG |

## REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Defendant City of Midland's Rule 12(b)(5) Motion to Dismiss (Doc. 9), Plaintiff's Motion to Cure Improper Service (Doc. 18), Plaintiff's Motion for Leave to Re-Serve City of Midland (Doc. 19).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Defendant City of Midland's Rule 12(b)(5) Motion to Dismiss be **DENIED WITHOUT PREJUDICE** (Doc. 9), Plaintiff's Motion to Cure Improper Service be **GRANTED** (Doc. 18), and Plaintiff's Motion for Leave to Re-Serve City of Midland and Request for Service by US Marshal be **GRANTED** (Doc. 19).

### I. BACKGROUND

On February 24, 2025, Plaintiff, proceeding *pro se*, filed his Original Complaint against Defendants PFIF, Inc. d/b/a Planet Fitness, Leeroy Soto, and City of Midland. (Doc. 1). Plaintiff paid his filing fee of $405. On March 5, 2025, Plaintiff filed a "Certificate of Service," stating on February 18 and 19, 2025, he mailed a copy of the Complaint to each Defendant. (Doc. 3). Notably, this "service" took place before the case was filed and before Plaintiff requested

---
1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

summons from the Clerk of the Court. Seemingly, Plaintiff recognized his mistake and requested summons on March 20, 2025, which were issued. (Docs. 4, 5). On April 4, 2025, Defendant Leeroy Soto made an appearance in the case and filed an Answer through counsel. (Doc. 6). Three days later, Plaintiff filed another "Certificate of Service," this time providing that he personally mailed a copy of the summons and Complaint to each Defendant. (Doc. 7 at 1).

Following that, Defendant City of Midland filed its Motion to Dismiss for improper service. (Doc. 9). Plaintiff originally filed a Response to the Motion to Dismiss arguing service was proper but he has since seemed to rescind that argument. (Doc. 11). Plaintiff is now asking the Court allow him to cure his improper service and order the United States Marshal Service to serve. Plaintiff originally did this in the form of three motions: Motion to Proceed *in forma pauperis* ("Motion to Proceed IFP") (Doc. 17); Motion to Cure Improper Service (Doc. 18); and Motion to Re-Serve City of Midland and Request for Service by US Marshal (Doc. 19). The Court denied Plaintiff's first Motion to Proceed IFP (Doc. 21) but has subsequently granted his renewed Motion to Proceed IFP. Accordingly, each motion is ripe for disposition.

## II. DISCUSSION

### 1. Defendant City of Midland's Rule 12(b)(5) Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). The serving party carries the burden of showing service was proper if challenged. *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). Federal district courts lack personal jurisdiction over a defendant unless they have been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Rule 4(c) of the Federal Rules of Civil Procedure

provides in pertinent part: "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). *Pro se* litigants are not exempt from compliance with the rules of service. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Under Rule 4(m), when a plaintiff fails to properly serve a defendant, the Court has two choices—either dismiss the action without prejudice or direct that service be effected within a specified time. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). "The next portion of the rule qualifies the district court's choices, making an extension of time mandatory when the plaintiff shows good cause." *Id.* However, even if good cause is lacking, the court may extend time for service in its discretion. *Id.*

Here, Defendant City of Midland argues Plaintiff failed to comply with the requirements of Rule 4 because Plaintiff *personally* mailed a copy of the Summons and Complaint to Defendant City of Midland. (Doc. 9 at 2). Because Rule 4 provides "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint," Plaintiff does not meet his burden of showing he validly served Defendant City of Midland. FED. R. CIV. P. 4(c)(2). And Plaintiff concedes as much. (Doc. 18 at 1). Further, Plaintiff seemingly did not abide by the rules for serving local governments:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

FED. R. CIV. P. 4(j)(2). Under Texas law, "in a suit against an incorporated city . . . citation may be served on the mayor, clerk, secretary, or treasurer." TEX. CIV. PRAC. & REM. CODE § 17.024(b). As such, Plaintiff's service of process on Defendant City of Midland was insufficient.

3

Plaintiff did not show good cause for his failure to effect valid service. Good cause under Rule 4(m) requires at least a showing of excusable neglect, in "which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. . . ." *See Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995); *see also Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (finding that a plaintiff's pro se status and ignorance of the law does not constitute good cause for failure to effect service in compliance with the rules). However, because Plaintiff acknowledged his mistake and is attempting to remedy it through his Motion to Cure Improper Service (Doc. 19) and Motion for Leave to Re-Serve City of Midland (Doc. 19), the Court, in its discretion, should grant Plaintiff's request for Defendant City of Midland to be properly served.

2. **Plaintiff's Motion to Cure Improper Service and Motion to Re-Serve City of Midland and Request for Service by US Marshal**

Because the Court previously granted Plaintiff's request to proceed IFP, the Court should issue and serve Defendant City of Midland. 28 U.S.C. § 1915(d). Federal Rule of Civil Procedure 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915. . . .

FED. R. CIV. P. 4(c)(3). Under Federal Rule of Civil Procedure 4(d), "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Accordingly, if this Report and Recommendation is adopted, the Court shall **DIRECT** the

Clerk's Office to issue notices and waiver of summons to Defendant City of Midland.[2] *See Doe v. N.M. Bd. of Bar Exam'r*, No. 21-CV-00709, 2021 WL 12297986 (D.N.M. Oct. 14, 2021).

### III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** Defendant City of Midland's Rule 12(b)(5) Motion to Dismiss be **DENIED WITHOUT PREJUDICE** (Doc. 9), Plaintiff's Motion to Cure Improper Service be **GRANTED** (Doc. 18), and Plaintiff's Motion for Leave to Re-Serve City of Midland and Request for Service by US Marshal be **GRANTED** (Doc. 19). Further, if this Report and Recommendation is adopted, the Court shall **DIRECT** the Clerk's Office to issue notices and waiver of summons to Defendant City of Midland.

SIGNED this 22nd day of August, 2025.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

---

2. If Defendant City of Midland declines to waive service, the Court will order that service be made by a United States marshal or deputy marshal.

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).