# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

OSCAR TIZIE BOHI,
      *Plaintiff,*

v.

PFIP, LLC, ET. AL, D.B.A.
PLANET FITNESS; LEEROY
SOTO, PLANET FITNESS
MANAGER IN HIS INDIVIDUAL
AND PROFESSIONAL
CPAPACITY;  CITY OF MIDLAND,
PLANET FITNESS - MIDLAND
FRANCHISE, OFFICER FNU
NORTON, PPO; AND OFFICER
FNU TERRELL, FTO;
      *Defendants.*

§§§§§§§§§§§§§§§§§§§§§§

MO:25-CV-00085-DC

## ORDER

BEFORE THE COURT  is the report and recommendation ("R&R") from United States Magistrate Judge Ronald C. Griffin concerning Defendants City of Midland, Officer Norton, and Officer Terrell's (collectively, "Midland Defendants") Rule 12(b)(1) and 12(b)(6) Motion to Dismiss.[1] Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, the Magistrate Judge issued his report and recommendation on March 19, 2026.[2]

The R&R recommended that this Court grant in part and deny in part the motion to dismiss filed by the Midland Defendants. Plaintiff Bohi filed his objections to the R&R on

---

[1] Doc. 46.

[2] Doc. 62.

April 1, 2026.[3] Having considered the objections, the Court **OVERRULES** them and **ADOPTS** the R&R as its own order.

## LEGAL STANDARD

28 U.S.C. § 636(b) permits a party to serve and file written objections to a magistrate judge's proposed findings or recommendations within fourteen days after being served with a copy of the report and recommendations. The Court will review *de novo* the portions of the report and recommendations objected thereto. When no objections are timely filed, the Court need only review the magistrate judge's report and recommendation for clear error.[4]

## ANALYSIS

Plaintiff objects to the portions of the R&R recommending dismissal of his claims. Specifically, he objects to the recommendation that the Court dismiss his section 1983 claims against the City of Midland and his intentional infliction of emotional distress ("IIED") claims against all defendants. The Court considers these objections in turn and overrules them.

### I.    Municipal Liability Against the City of Midland

Under 42 U.S.C. § 1983, Plaintiff brings four claims against the City of Midland for (1) false arrest or unlawful seizure in violation of the Fourth and Fourteenth Amendments; (2) creating and/or maintaining a false government record that stigmatized Plaintiff in violation of the Fourteenth Amendment; (3) denial of access to courts and suppression of evidence in violation of the Fourteenth Amendment; and (4) municipal liability under *Monell.*

---

[3] Doc. 64.
[4] Fed. R. Civ. P. 72 advisory committee's note.

The R&R addresses these claims collectively. A municipal entity may be liable for the constitutional violations committed by its municipal officers if the Plaintiff can establish that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right."[5] Recommending dismissal, the R&R notes that Plaintiff makes conclusory arguments that fail to identify a specific policy and specific policymaker—two necessary elements of the claim. Further, the R&R found that Plaintiff's failure to train arguments fail because the complaint does not "provide any specific facts regarding the training procedures or how the municipality was deliberately indifferent in adopting such procedures."[6]

Plaintiff raises three objections. First, he argues that dismissing these claims is premature because there is a plausible underlying claim of constitutional violations against Officers Norton and Terrell ("Defendant Officers"). This objection fails because "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."[7] Plaintiff must demonstrate that the unconstitutional conduct was "directly attributable to the municipality through some sort of official action or imprimatur."[8] By not identifying a specific policy and policymaker, Plaintiff fails to state a claim that is plausible on its face. The objection is **OVERRULED**.

Second, Plaintiff argues that dismissing his claims before discovery is complete would be unfairly prejudicial because he needs discovery to "reveal facts relevant to whether the City had policies, customs, training deficiencies, supervisory failures, or recordkeeping

---

[5] *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (citation modified).
[6] Doc. 62.
[7] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).
[8] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

practices connected to Plaintiff's arrest and the later handling of his records."[9] The Court cannot sustain this objection because to do so would unduly loosen the pleading burden imposed on Plaintiff. A complaint "must contain sufficient factual matter" to "state a claim to relief that is plausible on its face."[10] Additionally, it must contain enough facts to "raise a reasonable expectation that discovery will reveal evidence."[11] A plaintiff that cannot meet this burden is not entitled to discovery.[12] Here, the complaint states that the City of Midland "maintained a custom, usage, or practice of allowing officers to act as agents for private businesses, enforcing private bans and removals without verifying legal justification."[13] No other facts are offered to identify the specific policy at issue. Such bare allegations fail to establish that there was a policy in place for purposes of a *Monell* claim. But these claims also offer no reasonable expectation that discovery will reveal evidence of such a policy. The objection is **OVERRULED**.

Third, Bohi argues that the claims against the City of Midland are not speculative and that he has pleaded enough facts establishing a policy to survive the motion to dismiss stage. As observed by the R&R, Plaintiff cannot rely solely on the incident giving rise to this cause of action to demonstrate a custom or practice.[14] Appearing to recognize that his complaint is deficient, Bohi uses this objection to present new facts of prior incidents involving municipal employees to establish that custom or practice. However, these facts appear nowhere in the

---

[9] Doc. 64.

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[12] *Iqbal*, 556 U.S. at 686.

[13] Doc. 37.

[14] *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) ("a plaintiff must do more than describe the incident that gave rise to his injury").

complaint and need not be considered. To support his pleading, he points only to conduct of the Officer Defendants in this case to demonstrate a policy. This is insufficient. The objection is therefore **OVERRULED**.

## II.      Intentional Infliction of Emotional Distress

Concerning Plaintiff's IIED claims, the R&R recommends dismissing the claim as to all defendants because timely notice of injuries was not given to the City of Midland, and all Midland Defendants are immune from IIED claims. The nature of Plaintiff's objection to this finding is unclear. He asserts only that he "preserves disagreement with the recommendation" but fails to identify flaws in the R&R's analysis.[15] In any event, the Court agrees with the R&R. Under the City of Midland Charter, Plaintiff was required to give the City of Midland notice of his injuries and failed to do so.[16] Thus, there is no jurisdiction to hear the state law claim of IIED against the City of Midland.[17] Additionally, the Midland Defendants are immune from Plaintiff's IIED claims.[18] The objection is **OVERRULED**.

Unobjected-to portions of the R&R are reviewed for clear error. Having done so, and finding none, the Court **ADOPTS** the R&R.

## CONCLUSION

For the aforementioned reasons, the Court **OVERRULES** Plaintiff Bohi's objections to the United Sates Magistrate Judge's R&R. The Court **ORDERS** the R&R is

---

[15] Doc. 64.

[16] City of Midland Charter, Art. III, § 8.

[17] *Hogan v. Bexar County*, No. 19-CV-255, 2021 WL 11669921, at *4 (W.D. Tex. June 23, 2021)

[18] Davenport v. Rodriguez, 147 F. Supp. 2d 630, 641 (S.D. Tex. 2001); Thomas v. State, 294 F. Supp. 3d 576, 614–15 (N.D. Tex. 2018); Alvarado v. Tex. Health & Human Servs. Comm'n, No. 19-CV-0106, 2019 WL 6876499, at *4 (W.D. Tex. Dec. 17, 2019)

**ADOPTED**. Midland Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

Midland Defendants' Motion to Dismiss as to Plaintiff's claims under 42 U.S.C. § 1983 for false arrest or unlawful seizure in violation of the Fourth and Fourteenth Amendments, creating and/or maintaining a false government record that stigmatized Plaintiff in violation of the Fourteenth Amendment, denial of access to courts and suppression of evidence in violation of the Fourteenth Amendment, and a *Monell* claim for municipal liability against the City of Midland is **GRANTED** and these claims are **DISMISSED WITHOUT PREJUDICE**.

Further, Midland Defendants' Motion to Dismiss as to Plaintiff's false arrest or unlawful seizure under 42 U.S.C. § 1983 against Defendant Officers is **DENIED**.

Additionally, Midland Defendants' request for discovery to be limited to the issue of qualified immunity following the motion to dismiss stage is **GRANTED**.

Further, Midland Defendants' Motion to Dismiss as to Plaintiff's IIED claim against Midland Defendants is **GRANTED** and Plaintiff's IIED claim is **DISMISSED WITH PREJUDICE**.

Finally, Midland Defendants' Motion to Dismiss as to Plaintiff's claim for punitive damages against Defendant Officers is **DENIED**, but Midland Defendants' Motion to

Dismiss as to Plaintiff's claim for punitive damages against the City of Midland is

**GRANTED**.

It is so **ORDERED**.

SIGNED this 7th day of May, 2026.

_____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE